IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>ROBERT B. LYNN, )<br>)<br>Defendant/Petitioner. ) | CR 09-279<br>(see Civ. No. 15-1092) |

O R D E R

AND NOW, this 30th day of September, 2015, upon consideration of Petitioner's pro se Motion under 28 U.S.C. § 2241 (Doc. No. 417), filed in the above captioned matter on August 21, 2015, and in further consideration of Petitioner's answer to the Court's August 24, 2015 Show Cause Order (Doc. No. 420), filed on September 15, 2015,

IT IS HEREBY ORDERED that Petitioner's Motion is DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

**I.  Background**

On September 17, 2009, an indictment was returned by the Grand Jury charging Petitioner and several co-defendants with multiple counts of mail fraud, in violation of 18 U.S.C. § 1341, bank fraud, in violation of 18 U.S.C. § 1344, wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit fraud, in violation of 18 U.S.C. § 1349. On July 28, 2011, after a lengthy jury trial, Petitioner was found guilty of ten of twenty-five counts. On January 3, 2012, the Court sentenced him to a term of imprisonment of 180 months to be followed by five years' supervised release, and restitution in excess of $660 million. (Doc. No. 339). Petitioner subsequently appealed and challenged his conviction and sentence, arguing that the Government

had committed reversible error based on a reference to Petitioner's Fifth Amendment privilege against self-incrimination, that the district court had abused its discretion in not ordering a mistrial, and that there was an unwarranted sentence disparity. On March 11, 2013, the Third Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

On November 27, 2013, Petitioner, acting pro se, filed a motion pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective by abandoning a previously outlined defense strategy and not calling defense witnesses and by improperly refusing to allow Petitioner to testify on his own behalf. On December 2, 2013, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed, and specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. When Petitioner failed to respond, the Court proceeded under his motion as filed. In an Order issued on December 30, 2014, the Court denied Petitioner's Section 2255 motion.

On August 21, 2015, Petitioner filed what he purports to be a motion pursuant to 28 U.S.C. § 2241. In this motion, Petitioner seeks to have his conviction and sentence vacated and asks for a new trial so that he can present new evidence and witnesses. The basis for his claim is that his rights under the Due Process Clause, Takings Clause, Fifth Amendment, Fourteenth Amendment, and Sixth Amendment of the United States Constitution were violated

2

by the alleged confiscation of funds by the Court to which he claims he was entitled and which, according to Petitioner, were intended to pay for his legal counsel in this criminal matter, infringing on his right to adequate representation at trial.[1]  On August 24, 2015, the Court, aware of Petitioner's previous motion, ordered him to show cause:  (1) why the Court should not treat his motion as one filed pursuant to 28 U.S.C. § 2255, as his motion appeared to raise issues cognizable under that statute; and (2) why the Court should not dismiss his motion as a second or successive motion pursuant to 28 U.S.C. § 2255(h).  The Court further advised Petitioner that failure to respond would result in dismissal of his motion.  On September 15, 2015, Petitioner filed a timely response to the Court's show cause order.

**II.     Discussion**

As noted, Petitioner has filed the present motion pro se.  Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Petitioner purports to bring his present action pursuant to Section 2241. A petition filed pursuant to Section 2241 "generally challenges the *execution* of a federal

---

[1]  While, for the reasons set forth herein, the Court does not reach the merits of Petitioner's claim, for the sake of clarity, the Court notes that its March 16, 2011 Order in regard to the funds obtained by Petitioner and co-defendants Andrew Murin and Jonathon Podlucky from Federal Insurance Company as settlement of a claim under an insurance policy for legal defense funds for corporate officers of LeNature's, Inc., provided only that the portion of these funds to which Murin was entitled ($50,000) was to be paid to the United States.  This was because Murin had been furnished legal representation under the Criminal Justice Act, 18 U.S.C. § 3006A, and the Court issued the Order only after several conferences and communications with counsel in this case regarding the matter, including Petitioner's counsel.  The Court's Order does not pertain to Petitioner's share of the funds received from Federal Insurance in any way.  See Doc. No. 135.

prisoner's sentence" rather than the conviction or sentence themselves. See Daley v. Federal Bureau of Prisons, 192 Fed. Appx. 106, 109 (3d Cir. 2006) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(emphasis in original)). See also Burkey v. Marberry, 556 F.3d 142 (3d Cir. 2009). Petitioner's motion, which, as discussed, seeks the vacation of his conviction and sentence and a new trial, does not relate to the manner in which the sentence imposed in this case is being executed. As such, Petitioner's motion raises issues properly addressed not by Section 2241, but by Section 2255.

Indeed, a motion pursuant to Section 2255 is the presumptive means for a federal prisoner to challenge his or her sentence or conviction. See Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In fact, Section 2255(e) provides that a writ of habeas corpus pursuant to Section 2241 shall not be entertained unless a 2255 motion would be inadequate or ineffective to test the legality of detention. See also In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, a 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the gate keeping requirements of Section 2255. See Hazard, 206 Fed. Appx. at 236; Okereke, 307 F.3d at 120. Accordingly, the fact that a defendant has previously filed a Section 2255 motion and faces strict requirements regarding a second or successive 2255 motion does not entitle him to separate relief. See Shelton, 201 Fed. Appx. at 124; United States v. Brooks, 230 F.3d 643, 647-48 (3d Cir. 2000). "It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative." Snype v. United States, 609 Fed. Appx. 60, 62 (3d Cir. 2015) (quoting Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)). The "safety valve" provision of Section 2255(e) is "extremely narrow," and applies only in situations such as where "a prisoner has no prior opportunity to

4

challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Snype, 609 Fed. Appx. at 62 (citing Okereke, 307 F.3d at 120).

Petitioner does not explain why he believes that the remedies available pursuant to Section 2255 would be inadequate or ineffective in this case. He acknowledges the fact that he has previously filed a Section 2255 motion and is, therefore, limited in his ability to assert his new arguments under that section, but, as discussed above, the mere fact that he cannot meet the gate keeping requirements of Section 2255 does not allow him to seek alternative forms of relief. The only explanation he gives is that, as a result of his imperfect understanding of the law, he did not think to raise the claims set forth in the present motion in his Section 2255 motion. However, after he filed that original motion, the Court informed him, in accordance with Miller, that the AEDPA would prohibit him from seeking relief under a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, the Court gave Petitioner the opportunity either to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification or to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. Petitioner failed to respond, and the Court ruled on his motion as originally filed. His failure to realize sooner that he should have raised the present claims in his prior motion does not permit him to now file a new motion under Section 2241. See Bernas v. United States, 235 F.3d 1341 (5th Cir. 2000) (finding that ignorance of the AEDPA's provisions does not provide an avenue for circumventing those provisions). Considering that Petitioner has been aware of the issue regarding the alleged confiscation of funds since before the trial in this matter, there was no reason not to raise the issue on direct appeal, let alone in his Section 2255 motion. The Court further notes that the statutes under

5

which Petitioner was convicted still constitute valid criminal statutes, and his conduct of conviction remains criminal conduct.

In any event, any claim by Petitioner that relief is unavailable under Section 2255 would be incorrect, because that section does contain a process whereby a defendant can seek to raise a second motion. Section 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2255 does, therefore, provide Petitioner with an avenue for raising his claims if the Third Circuit were to find that the criteria under subsection (h) permit the filing of a second Section 2255 motion. However, Petitioner has not obtained the requisite certification from the Third Circuit Court of Appeals to file such a motion.

In sum, the claim that the gate keeping requirements of Section 2255 create a gap in post-conviction remedies fails as a matter of law. The claims raised by Petitioner can be addressed under Section 2255. Accordingly, there is no basis for the Court to find that Section 2255 is inadequate or ineffective in this case. As such, Petitioner must seek relief pursuant to that section. Since, as noted, Petitioner has already filed a Section 2255 motion, and has not obtained Third Circuit certification to file a second or successive one, this Court lacks jurisdiction to consider Petitioner's claims.

### III. Conclusion

Therefore, for the reasons stated herein, Petitioner's petition is dismissed. Moreover, because this Court has no jurisdiction, it does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

cc:    Robert Lynn, Fed. Reg. No. 30495-068
       FCI Loretto
       P.O. Box 1000
       Loretto, PA 15940